UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 17-0225-DOC (KKx) | Date: | September 29, 2017 |
| Title: | *Gordon v. Aerotek, Inc., et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Granting in Part and Denying in Part Plaintiff's Motion to Compel [Dkt. 35]

On August 22, 2017, Plaintiff Mia Gordon ("Plaintiff") filed a Motion to Compel seeking production of documents and further responses to (1) Request for Production, Set One, Nos. 9, 11, 16, 17, 18, 19, 20, 23, 24, 27, 29, 31, 33, 34, 36; (2) Request for Production, Set Two, Nos. 1, 11; and (3) Special Interrogatory, Set One, No. 2 ("Motion to Compel").[1] ECF Docket No. ("Dkt.") 35. For the reasons set forth below, Plaintiff's Motion to Compel is GRANTED in part and DENIED in part.

I.
**BACKGROUND**

On December 15, 2016, Plaintiff filed a putative class action Complaint in San Bernardino County Superior Court against Defendant Aerotek, Inc. ("Defendant") for unfair competition, failure to pay overtime compensation, failure to provide accurate itemized statements, and failure to provide wages when due. Dkt. 1-1, Compl.

---

[1] While Plaintiff also sets out the text of Request for Production, Set One, No. 25 in the Joint Stipulation, Plaintiff makes no specific argument regarding this request. Hence, it appears Plaintiff has abandoned her request for further responses as to Request for Production, Set One, No. 25, and her Motion to Compel as to this Request is DENIED.

On February 6, 2017, Defendant filed a notice of removal from San Bernardino Superior Court. Dkt. 1.

On March 9, 2017, Plaintiff served the first set of discovery requests. Declaration of Victoria B. Rivapalacio in Support of Motion to Compel ("Rivapalacio Decl."), ¶ 3. On April 24, 2017, Defendant provided its responses. Id., Exs. 1, 2.

On March 28, 2017, Plaintiff served the second set of discovery requests. Rivapalacio Decl., ¶ 4.

On April 17, 2017, Plaintiff filed a Motion for leave to file a First Amended Complaint ("FAC"), which the Court granted on April 18, 2017. Dkt. 22. On April 19, 2017, Plaintiff filed the FAC. Dkt. 24.

On May 10, 2017, Plaintiff's counsel sent Defendant's counsel an email regarding the deficiencies in Defendant's first set of discovery responses. Rivapalacio Decl., Ex. 4.

On May 11, 2017, Defendant served its responses to Plaintiff's second set of discovery requests. Rivapalacio Decl., ¶ 4.

On May 15, 2017, Plaintiff's counsel sent Defendant's counsel an email regarding the deficiencies in both of Defendant's responses to Plaintiff's discovery requests. Rivapalacio Decl., Ex. 5.

On May 22, 2017, counsel for both parties met and conferred telephonically and reached a number of agreements to amicably resolve various discovery issues. Rivapalacio Decl., ¶ 6, Ex. 4; Declaration of Amanda C. Dupree in Support of Defendant's Opposition ("Dupree Decl."), ¶ 2.

On May 23, 2017, Plaintiff's counsel sent Defendant's counsel an email memorializing the agreements reached during the May 22, 2017 meet and confer conference. Rivapalacio Decl., Ex. 5.

On June 5, 2017, Defendant's counsel sent Plaintiff's counsel an email correcting and summarizing the agreements reached during the May 22, 2017 meet and confer conference. Rivapalacio Decl., Ex. 7.

On June 8, 2017, the Court issued a Protective Order pursuant to the parties' stipulation. Dkts. 27, 28.

On June 14, 2017, the parties filed a stipulation for extension of time and for leave for Plaintiff to file a Second Amended Complaint ("SAC"), which the Court granted. Dkts. 30, 31.

On July 19, 2017, Plaintiff filed a SAC alleging the following four causes of action against Defendant: (1) unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200, et seq.; (2)

failure to pay overtime compensation in violation of Cal. Lab. Code § 510 et seq.; (3) failure to provide wages when due in violation of Cal. Lab. Code §§ 201, 202, and 203; and (4) violation of the Private Attorney General Act ("PAGA"). Dkt. 32. Plaintiff brings the class action on behalf of herself and the following classes: (1) "all individuals who are or previously were employed by DEFENDANT as Account Managers and/or Recruiters in California and who were classified as exempt from overtime wages (the 'CALIFORNIA CLASS')," id. ¶ 6; (2) "all individuals who are or previously were employed by DEFENDANT as Recruiter Trainees in California and who were classified as non-exempt (the 'CALIFORNIA TRAINEE CLASS')," id. ¶ 7; (3) "all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT as Account Managers and/or Recruiters in California and who were classified as exempt from overtime wages (the 'CALIFORNIA LABOR SUBCLASS')," id. ¶ 47.

On August 2, 2017, Defendant filed a Motion to Dismiss or in the alternative strike portions of Plaintiff's SAC. Dkt. 33. Specifically, Defendant argues (1) Plaintiff lacks standing to assert a PAGA claim on behalf of recruiter trainees and recruiters; (2) Plaintiff's PAGA claim does not relate back to the originally-filed complaint and is, therefore, time barred; (3) Plaintiff lacks standing to assert a claim for declaratory and injunctive relief; and (4) Plaintiff fails to state a claim for reporting time violation.[2] Id. Defendant's Motion to Dismiss was taken under submission on September 26, 2017. Dkt. 43.

On August 22, 2017, Plaintiff filed the instant Motion to Compel and Joint Stipulation pursuant to Local Rule 37-2. Dkt. 35; Dkt. 35-1, Joint Stipulation ("JS"). Plaintiff filed the following in support of her Motion to Compel: (1) Declaration of Victoria B. Rivapalacio, Dkt. 35-2; and (2) Declaration of Plaintiff Mia Gordon, Dkt. 35-3. Defendant filed the following in support of its Opposition the Motion to Compel: (1) Declaration of Amanda C. Dupree, Dkt. 35-4, and exhibits attached thereto, Dkt. 35-5; (2) Request for Judicial Notice of several orders denying class discovery in the Central District of California, Dkt. 35-6, and exhibits attached thereto, Dkt. 35-7; and (3) Objections to Plaintiff's Declaration, Dkt. 35-8. On September 11, 2017, Plaintiff filed a supplemental brief in support of the Motion to Compel. Dkt. 39. The matter thus stands submitted.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

---

[2] Defendant concedes the reporting time claim is not raised as a separate cause of action. Dkt. 33, Mem. of P&A at 10.

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Therefore, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

"A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

## III.
## DISCUSSION

### A. PLAINTIFF IS ENTITLED TO CLASSWIDE DISCOVERY TO THE EXTENT IT IS RELEVANT TO SUBSTANTIATE CLASS ALLEGATIONS

"District courts have broad discretion to control the class certification process, and whether or not discovery will be permitted lies within the sound discretion of the trial court." Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009); Del Campo v. Kennedy, 236 F.R.D. 454, 459 (N.D. Cal. 2006) ("Prior to certification of a class action, discovery is generally limited and in the discretion of the court."). "Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion." Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985), as amended (Aug. 27, 1985). "In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination. . . . Where the necessary factual issues may be resolved without discovery, it is not required." Kamm v. Cal. City Dev. Co., 509 F.2d 205, 210 (9th Cir. 1975).

Defendant argues Plaintiff is not entitled to classwide discovery because (1) Plaintiff fails to show she will obtain a different result on class certification than plaintiffs in Delodder v. Aerotek Inc., 471 F. App'x 804, 806 (9th Cir. 2012) (i.e. that she will prevail on a class certification motion); (2) Plaintiff fails to satisfy her burden to show the discovery sought will

likely substantiate her class allegations; and (3) Plaintiff's PAGA claims are time-barred. JS at 52-81.

First, while similar, this case is distinguishable from DeLodder in that the class Plaintiff seeks to represent covers a later time period. Second, without evidence, the Court has no way to know what the result of a class certification motion in this case will be. This Court declines to address whether Plaintiff has made a prima facie showing that the class action requirements have been met and will only permit discovery likely to produce substantiation of the class allegations. Finally, the Court will not permit discovery regarding Plaintiff's PAGA claims because the pleadings are not yet settled with regard to the scope of the PAGA claims. See Dkt. 33, Mot. to Dismiss SAC. Hence, the Court finds Plaintiff is entitled to classwide discovery to the extent it is relevant to substantiate class allegations, but discovery regarding the PAGA claims is premature at this time.

**B.     CLASS CONTACT INFORMATION - Request for Production, Set One, Nos. 9 and 36**

Request for Production, Set One, Nos. 9 and 36 seek names, address, phone numbers, email addresses, rates of pay, and dates of employment for putative class members in "electronic, Microsoft Excel spreadsheet format." JS at 13, 15.

Defendant objects to the Requests primarily on the grounds they are overbroad and unduly burdensome, violate the privacy rights of non-parties, and impermissibly seek class-wide information. JS at 15-16.[3]

Plaintiff argues "[t]he contact information of the Class Members will lead to the discovery of evidence as to the commonality of Defendant's business practices of failing to provide timely and complaint meal and rest periods and of Defendant's actual expectations regarding the Class Members' job duties and job performance." JS at 41. Defendant argues "individualized class member discovery" is inappropriate because Plaintiff has not shown it will assist in establishing commonality. JS at 68. Defendant claims the requested information will only serve to show that "individual, not common, questions will predominate." JS at 66. In the event the Court grants classwide discovery, Defendant requests the scope of discovery be limited "to a small sample of employees or to the specific location where the plaintiff worked." JS at 68. Plaintiff argues limiting the scope places an "unjustifiable hurdle for Plaintiff to cross in the prosecution of the case." JS at 42.

---

[3] Defendant states it has "produced most documents" and "will supplement its production to produce all agreed-upon documents, and will supplement its responses consistent with the June 5, 2017 summary of the conference of counsel." JS at 79. Defendant's assurance that it will supplement its responses consistent with the June 5, 2017 summary is confusing at best, because in that correspondence from Defendant's counsel, Defendant's counsel states with regard to Request for Production, Set One, Nos. 9 and 36, "Defendant objects to producing this classwide information." Rivapalacio Decl., Ex. 7.

The Court finds discovery of putative class member contact information is appropriate and likely to assist in establishing commonality. Moreover, Defendant fails to establish the size of the putative class would make production unduly burdensome or why information about the putative class in locations other than the one in which Plaintiff worked would not be relevant. Instead, contact with those individuals could well be useful for Plaintiff to determine, at a minimum, the commonality and typicality prongs of Rule 23. Putnam v. Eli Lilly & Co., 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007). Therefore, Plaintiff's Motion to Compel production and further responses to Request for Production, Set One, Nos. 9 and 36 is GRANTED.

C. **COMPENSATION POLICIES - Request for Production, Set One, Nos. 16 and 27 and Interrogatory, Set One, No. 2**

Request for Production, Set One, Nos. 16 and 27 and Interrogatory, Set One, No. 2 seek compensation policies for putative class members. JS at 16-18.

Defendant objects to the discovery primarily on the grounds it is overbroad and unduly burdensome, violates the privacy rights of non-parties, seeks information protected by attorney-client privilege or work-product doctrine, and impermissibly seeks class-wide information. JS at 17-18. However, Defendant also states it has produced the compensation policies contained in its handbooks. JS at 79; Dupree Decl., ¶ 9.

Plaintiff argues the policies to which she and the putative class members "were uniformly subject" are "foundational" and will establish commonality. JS at 43. It is unclear to the Court what policies might exist that are not contained in Defendant's handbooks. However, it appears that there may be additional relevant policies based on Defendant's argument it is "necessary to reach an agreement on a narrowed scope." JS at 79. Therefore, Plaintiff's Motion to Compel production and further responses to Request for Production, Set One, Nos. 16 and 27 and Interrogatory, Set One, No. 2 is GRANTED to the extent the compensation policies are applicable to Plaintiff. To the extent Defendant believes the compensation policies are protected by attorney-client privilege or work-product doctrine, Defendant shall provide a privilege log.

D. **ELECTRONIC PAYROLL RECORDS - Request for Production, Set One, Nos. 17 and 18**

Request for Production, Set One, Nos. 17 and 18 seek "in electronic, Microsoft Excel spreadsheet format, all payroll records for" the putative class members. JS at 19-20.

Defendant object to the Requests primarily on the grounds they are overbroad and unduly burdensome, violate the privacy rights of non-parties, seek information protected by attorney-client privilege or work-product doctrine, and impermissibly seek class-wide information. JS at 19-21.

Plaintiff argues the electronic payroll records are relevant to establishing numerosity and commonality and will show "whether Defendant recorded a missed, late, or short meal period and, by comparing to the electronic time records, whether Defendant paid the associated premium." JS at 44. Defendant argues the electronic time and payroll records will not substantiate Plaintiff's claim for meal period violations because they will not show whether Plaintiff was "forced to forgo [her] meal breaks as opposed to merely showing [s]he did not take them." JS at 76-77. Because the records will not show whether Defendant instructed or exerted undue pressure on Plaintiff or the putative class members to miss meal breaks, they are not relevant to Plaintiff's claim for meal period violations. Porch v. Masterfoods, USA, Inc., 685 F. Supp. 2d 1058, 1070 (C.D. Cal. 2008), aff'd, 364 F. App'x 365 (9th Cir. 2010).

Plaintiff cites other cases where courts have found payroll records assisted in determining numerosity and commonality. JS at 43-44. Plaintiff conclusorily states "time and wage records are discoverable" and "are relevant documents" without explaining how they will assist in establishing numerosity or commonality. Id. While the requested information may be relevant to calculating damages, requiring broad production of payroll records before certification of the class is not appropriate. Therefore, Plaintiff's Motion to Compel production and further responses to Request for Production, Set One, Nos. 17 and 18 is DENIED.

E.  **TIMESHEETS AND WAGE STATEMENTS – Request for Production, Set One, Nos. 19 and 20**

Request for Production, Set One, Nos. 19 and 20 seek time sheets and wage statements for putative non-exempt class members. JS at 24.

Defendant objects to the Requests primarily on the grounds they are overbroad and unduly burdensome, violate the privacy rights of non-parties, and impermissibly seek class-wide information. JS at 24-25.

Plaintiff argues time sheets and wage statements are relevant to establishing "commonality, ascertainability, and typicality" because "[t]hey will demonstrate that the violations [of Plaintiff's claims for failure to pay overtime[4]] were systematic and based on Defendant's policies and procedures." JS at 49. Plaintiff also argues Defendant never responded to Plaintiff's May 23, 2017 proposed agreement to "the production of a sample of the time sheets and wage statements of the non-exempt class members, responsive to FRP, Set 1, Nos. 19 and 20, respectively, contingent on Defendant's providing the number of non-exempt class members at each of the various California locations." JS at 49; Rivapalacio Decl., Ex. 5. However, Defendant responded on June 5, 2017 by agreeing to "review" and "respond" to any

---

[4] Plaintiff also argues the time sheets and wage statements are relevant to her claims for failure to provide accurate itemized wage statements, JS at 49. However, while a claim for failure to provide accurate itemized wage statements was included in the original Complaint, there is no such claim in the SAC. See Dkts. 1-1, 32.

sampling proposal. Rivapalacio Decl., Ex. 7. Therefore, while Defendant agreed to consider producing a sample, the parties did not reach a specific sampling agreement.[5] Rivapalacio Decl., Ex. 7.

The Court finds discovery of putative class member time sheets and wage statements is appropriate and likely to assist in establishing commonality of the failure to pay overtime wages. Moreover, Defendant fails to establish the size of the putative class would make production unduly burdensome or why information about the putative class in locations other than the one in which Plaintiff worked would not be relevant. Therefore, Plaintiff's Motion to Compel production and further responses to Request for Production, Set One, Nos. 19 and 20 is GRANTED.

F. **EXEMPTION DETERMINATION DOCUMENTS – Request for Production, Set One, No. 33**

Request for Production, Set One, No. 33, seeks "All DOCUMENTS used by YOU as reference and/or as authority in making the determination that the EXEMPT CLASS MEMBERS should be classified as exempt from receiving overtime wages." JS at 21.

Defendant objects to the Request on the grounds it is (a) vague and ambiguous, (b) overbroad, and (c) seeks documents protected by the attorney-client privilege and work product doctrine. JS at 22. Defendant also objects that "Aerotek made the determination to classify recruiters and account managers as exempt many years ago, long before the period at issue in this action." Id.

Plaintiff argues the documents relied upon by Defendant in determining exempt classification is relevant to showing whether there is an improper uniform policy rather than "a proper evaluation of the actual job duties of the class members." JS at 45. Defendant argues documents "as to why Aerotek made classification decisions in the 1980s or 1990s have no bearing on class certification or liability issues in this case." JS at 78.

The Court finds the exemption determination documents are likely to assist in determining the issues of commonality and typicality. Therefore, Plaintiff's Motion to Compel

---

[5] Defendant argues Plaintiff's Motion to Compel should be denied because Plaintiff served her portion of the Joint Stipulation before responding to Defendant's offer to review a sampling agreement. JS at 68. Defendant's June 5, 2017 correspondence states "Defendant objects to producing classwide information, as explained above. As to these Requests, you said you would consider a sampling compromise and would let us know what if any sampling proposal you have in mind. If you decide to make a proposal, we will review it and respond." Rivapalacio Decl., Ex. 7. Plaintiff needed to know the number of employees at each location in order to make a reasonable proposal. Plaintiff was not unreasonable in considering Defendant's response to be a rejection of Plaintiff's proposal. Therefore, the Court will not deny Plaintiff's Motion to Compel on this basis.

production and further responses to Request for Production, Set One, No. 33 is GRANTED. To the extent Defendant believes the compensation policies are protected by attorney-client privilege or work-product doctrine, Defendant shall provide a privilege log.

**G.     PRODUCTIVITY REPORTS - Request for Production, Set Two, No. 11**

Request for Production, Set Two, No. 11 seeks "all DOCUMENTS outlining how DEFENDANT measured the productivity of the EXEMPT CLASS MEMBERS during the RELEVANT TIME PERIOD." JS at 22.

Defendant objects to the Request on the grounds it is (a) vague and ambiguous, (b) overbroad, (c) violates the privacy and confidentiality rights of non-parties, (d) an "improper abuse of the class action procedure and is unduly burdensome," and (e) seeks confidential or proprietary information. JS at 22-23.

Plaintiff argues the productivity reports will "demonstrate not only the uniformity of the job duties, but also, based on the uniformity of the criteria by which Defendant measured the Recruiters, how uniform Defendant's expectations were for the class members." JS at 41. Plaintiff states in her declaration that she and "all the other recruiters" were required "per company policy, to document all activities [] completed." Gordon Decl., ¶ 5. Moreover, the weekly reports "were completed based on a template provided by Defendant." Id. ¶ 7. Defendant argues Plaintiff's declaration is unconvincing because she does not identify any such "uniform" job duties or expectations. JS at 66. The Court finds Plaintiff's declaration provides a sufficient basis for her belief that the productivity reports will likely substantiate the issue of commonality.[6] Therefore, Plaintiff's Motion to Compel production and further responses to Request for Production, Set Two, No. 11 is GRANTED.

**H.     DEFENDANT SHALL SUPPLEMENT ITS RESPONSES AS AGREED**

**1.     MEAL PERIOD POLICIES - Request for Production, Set One, No. 11**

Request for Production, Set One, No. 11 seeks "all applicable policies for providing NON-EXEMPT CLASS MEMBERS meal period premiums during the RELEVANT TIME PERIOD." JS at 23.

Defendant objects "to this Request because it is vague and ambiguous and overbroad and does not describe a category of documents with reasonable particularity." JS at 23.

In the June 5, 2017 meet and confer summary, Defendant's counsel represented Defendant will supplement its response and produce meal period policies to the extent they exist. Rivapalacio Decl., Ex. 7. However, Defendant did not state when it will supplement its response,

---

[6] Defendant's objection to paragraphs 5 and 7 of Plaintiff's Declaration on the grounds Plaintiff's statements are speculative and lack foundation is OVERRULED.

and as of the date the Joint Stipulation was filed, August 22, 2017, it does not appear the responses had been supplemented. Defendant does not provide any explanation for its continued delay in producing responsive documents or supplementing its responses. Therefore, Plaintiff's Motion to Compel further responses to Request for Production, Set One, No. 11 is GRANTED.

### 2. FORMS EVALUATIONS - Request for Production, Set One, No. 23

Request for Production, Set One, No. 23 seeks "[e]xemplars of any form document(s) used to conduct job evaluations and/or performance reviews related to the EXEMPT CLASS MEMBERS." JS at 25.

Defendant objects "to this Request because it is vague and ambiguous and does not describe a category of documents with reasonable particularity. Defendant further objects to this Request to the extent it calls for disclosure of confidential or proprietary information, including, but not limited to, commercial, financial, or other trade secret information." JS at 25.

In the June 5, 2017 meet and confer summary, Defendant's counsel noted Plaintiff had clarified the request sought "any documents used by supervisors in evaluating the Exempt Class." Rivapacio Decl., Ex. 7. Defendant's counsel represented Defendant would produce "a form document called Expected Business Results completed for Plaintiff when she was an account manager" and "job evaluation form documents completed for Plaintiff when she was a recruiter trainee." Id. Defendant's counsel further represented Defendant was "not aware of any responsive form documents for recruiters and account managers." Id. However, Defendant did not state when it will supplement its response, and as of the date the Joint Stipulation was filed, August 22, 2017, it does not appear the responses had been supplemented. Defendant does not provide any explanation for its continued delay in producing responsive documents or supplementing its responses. Therefore, Plaintiff's Motion to Compel further responses to Request for Production, Set One, No. 23 as clarified by Plaintiff's counsel at the May 22, 2017 meet and confer conference is GRANTED.

### 3. EXEMPT JOB QUALIFICATIONS - Request for Production, Set One, No. 24

Request for Production, Set One, No. 24 seeks "[a]ll DOCUMENTS which evidence the qualifications, requirements and/or prerequisites for individuals applying to work for DEFENDANT as EXEMPT CLASS MEMBERS." JS at 26.

Defendant objects to this Request on the grounds it is (a) vague and ambiguous, (b) overbroad, (c) seeks documents protected by the attorney-client privilege or work product doctrine, (d) violates the privacy and confidentiality rights of non-parties, (e) seeks confidential or proprietary information, and (f) an "improper abuse of the class action procedure and is unduly burdensome." JS at 26.

During the May 22, 2017 meet and confer conference, counsel reached an agreement whereby Defendant would produce "corporate position descriptions, and not individualized records or one-off job descriptions." Rivapalacio Decl., Ex. 7; Dupree Decl., ¶ 5. However, Defendant did not state when it will supplement its response, and as of the date the Joint Stipulation was filed, August 22, 2017, it does not appear the responses had been supplemented. Defendant does not provide any explanation for its continued delay in producing responsive documents or supplementing its responses. Therefore, Plaintiff's Motion to Compel further responses to Request for Production, Set One, No. 24 as limited by counsel's agreement at the May 22, 2017 meet and confer conference is GRANTED.

### 4. TIMEKEEPING POLICIES - Request for Production, Set One, No. 29

Request for Production, Set One, No. 29 seeks "[a]ll DOCUMENTS that evidence the DEFENDANT'S timekeeping policies for the EXEMPT CLASS MEMBERS during the RELEVANT TIME PERIOD." JS at 28.

Defendant objects to this Request on the grounds it (a) is vague and ambiguous, (b) is overbroad, (c) violates the privacy or confidentiality rights of non-parties, (d) seeks confidential and proprietary information, and (e) impermissibly seeks "individualized discovery regarding putative class members." JS at 28.

In the June 5, 2017 meet and confer summary, Defendant's counsel represented "no responsive documents exist, and Defendant [will] supplement its response accordingly." Rivapalacio Decl., Ex. 7. However, Defendant did not state when it will supplement its response, and as of the date the Joint Stipulation was filed, August 22, 2017, it does not appear the responses had been supplemented. Defendant does not provide any explanation for its continued delay in producing responsive documents or supplementing its responses. Therefore, Plaintiff's Motion to Compel further responses to Request for Production, Set One, No. 29 is GRANTED.

### 5. EXEMPT CLASSIFICATION POLICY - Request for Production, Set One, No. 31

Request for Production, Set One, No. 31 seeks "[a]ll DOCUMENTS that evidence DEFENDANT'S company policy for classifying the EXEMPT CLASS MEMBERS as exempt." JS at 28.

Defendant objects to this Request on the grounds it (a) is vague and ambiguous, (b) is overbroad, (c) violates the privacy or confidentiality rights of non-parties, (d) seeks confidential and proprietary information, and (e) impermissibly seeks "individualized discovery regarding putative class members." JS at 29.

In the June 5, 2017 meet and confer summary, Defendant's counsel represented "Defendant would supplement its response to state that there were no responsive classification policies." Rivapalacio Decl., Ex. 7. However, Defendant did not state when it will supplement

its response, and as of the date the Joint Stipulation was filed, August 22, 2017, it does not appear the responses had been supplemented. Defendant does not provide any explanation for its continued delay in producing responsive documents or supplementing its responses. Therefore, Plaintiff's Motion to Compel further responses to Request for Production, Set One, No. 31 is GRANTED.

### 6. CORPORATE HIERARCHY - Request for Production, Set One, No. 34

Request for Production, Set One, No. 34 seeks "DOCUMENTS sufficient to evidence the corporate hierarchy in which the EXEMPT CLASS MEMBERS worked during the RELEVANT TIME PERIOD." JS at 29.

Defendant objects to this Request on the grounds it (a) is vague and ambiguous and unintelligible, (b) is overbroad, (c) violates the privacy or confidentiality rights of non-parties, (d) seeks confidential and proprietary information, and (e) impermissibly seeks "individualized discovery regarding putative class members." JS at 29-30.

In the June 5, 2017 meet and confer summary, Defendant's counsel represented Defendant "would produce corporate position descriptions, which would contain some responsive information (e.g., the position to which the position reports)" and "training documents, which may contain responsive information." Rivapalacio Decl., Ex. 7. However, Defendant did not state when it will supplement its response, and as of the date the Joint Stipulation was filed, August 22, 2017, it does not appear the responses had been supplemented. Defendant does not provide any explanation for its continued delay in producing responsive documents or supplementing its responses. Therefore, Plaintiff's Motion to Compel further responses to Request for Production, Set One, No. 34 is GRANTED.

### 7. PLAINTIFF'S CALENDAR - Request for Production, Set Two, No. 1

Request for Production, Set Two, No. 1 seeks "in electronic, Microsoft Excel format or .PST format, the Microsoft Outlook Calendar for PLAINTIFF during the RELEVANT TIME PERIOD (one way Microsoft Outlook calendars can be exported is using the 'Import and Export . . .' command under the 'File' tab and following the step-by-step guidance to export the data)." JS at 30.

Defendant objects to this Request on the grounds it (a) is vague and ambiguous, (b) overbroad, (c) violates the privacy or confidentiality rights of non-parties, and (d) seeks confidential and proprietary information. JS at 30. Defendant then states "Subject to execution and entry of a suitable protective order, Defendant will produce its copy of Plaintiff's electronic calendar that she maintained in Microsoft Outlook while employed at Aerotek." JS at 31. However, Defendant did not state when it will produce the responsive document, and as of the date the Joint Stipulation was filed, August 22, 2017, it does not appear the document had been produced. Defendant does not provide any explanation for its continued delay in producing the

responsive document. Therefore, Plaintiff's Motion to Compel further responses to Request for Production, Set Two, No. 1 is GRANTED.

# IV.
# CONCLUSION

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion to Compel is GRANTED in part and DENIED in part as set forth above; and

(2) **Within ten (10) days** of the date of this Order Defendant shall serve supplemental responses and produce responsive documents to Request for Production, Set One, Nos. 9, 11, 16, 17, 19, 20, 23, 24, 29, 31, 33, and 34, Request for Production, Set Two, Nos. 1, and 11, and Special Interrogatory, Set One, No. 2. Defendant shall also produce a privilege log as appropriate.